UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICK LYNN ENGLISH,<br><br>                        Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                        Defendant. | Case No. 3:16-cv-05010-RSL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 19, 2016 |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge.[1] For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 9, 2012, plaintiff filed applications for disability insurance and SSI benefits.[2] Those applications were denied on initial administrative review and on reconsideration.[3] At a hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified, as did a vocational expert.[4]

---

[1] *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

[2] Dkt. 9, Administrative Record (AR) 17.

[3] *Id.*

[4] AR 35-82.

REPORT AND RECOMMENDATION - 1

In a written decision dated May 13, 2014, the ALJ determined plaintiff to be capable of performing other jobs existing in significant numbers in the national economy and therefore not disabled.[5] The Appeals Council denied plaintiff's request for review of the ALJ's decision making that decision the final decision of the Commissioner, which plaintiff then appealed to this Court.[6]

The parties have completed their briefing, and thus this matter is now ripe for review. Plaintiff argues the ALJ's decision should be reversed and remanded because the ALJ erred:

(1) in failing to establish the onset date of plaintiff's depression;

(2) in failing to resolve a conflict between the vocational expert's testimony and Dictionary of Occupational Titles (DOT); and

(3) in failing to properly apply the Commissioner's Medical-Vocational Guidelines.

The undersigned agrees he ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the DOT concerning the handling and fingering requirements of the two jobs the vocational expert identified as jobs plaintiff could do. Accordingly, the undersigned recommends that the decision to deny benefits be reversed on this basis, and that this matter be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[7] "A decision supported by substantial evidence nevertheless

---

[5] AR 17-29.

[6] AR 1; 20 C.F.R. § 404.981, § 416.1481; Dkt. 3.

[7] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

REPORT AND RECOMMENDATION - 2

will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."[8] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[9] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[10]

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[11] "If the evidence admits of more than one rational interpretation," that decision must be upheld.[12] That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made."[13]

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled.[14] If a claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the evaluation process ends.[15] If a claimant cannot perform his or her past relevant work of that process, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do.[16] The ALJ can do this through the testimony of a vocational expert.[17]

The ALJ may rely on vocational expert testimony that "contradicts the DOT, but only

---

[8] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

[9] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[10] *Batson*, 359 F.3d at 1193.

[11] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[12] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

[13] *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[14] *See* 20 C.F.R. § 416.920.

[15] *See id.*

[16] *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).

[17] *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

REPORT AND RECOMMENDATION - 3

insofar as the record contains persuasive evidence to support the deviation."[18] The ALJ has the affirmative responsibility, furthermore, to ask the vocational expert about possible conflicts between his or her testimony and information in the DOT.[19] Thus, before relying on evidence obtained from a vocational expert to support a finding of not disabled, the ALJ must "elicit a reasonable explanation for any discrepancy" with the DOT.[20] The ALJ also must explain in his or her decision how the discrepancy or conflict was resolved.[21]

In assessing plaintiff's residual functional capacity, the ALJ found she could occasionally engage in handling and fingering with his dominant right hand.[22] At the hearing the ALJ posed a hypothetical question to the vocational expert containing that limitation.[23] The vocational expert testified that plaintiff could perform the jobs of food assembler and price marker – both of which the DOT describes as requiring frequent handling and fingering – and that his testimony was consistent with the DOT.[24] Based on the vocational expert's testimony, the ALJ found plaintiff could perform both jobs, and therefore that she could perform other jobs existing in significant numbers in the national economy, and accordingly that she was not disabled.[25]

Given the DOT's description of the food assembler and price marker jobs as requiring frequent as opposed to occasional handling, and the ALJ's failure to resolve the conflict between that description and the vocational expert's testimony that both jobs could be performed with a

---

[18] *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

[19] *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *1.

[20] *Haddock*, 196 F.3d at 1087; SSR 00-4p, 2000 WL 189704, at *1.

[21] SSR 00-4p, 2000 WL 189704, at *4.

[22] AR 21.

[23] AR 80.

[24] AR 28, 80; DOT 319.484-010, 1991 WL 672769; DOT 209.587-034, 1991 WL 671802.

[25] AR 28.

REPORT AND RECOMMENDATION - 4

limitation to occasional handling and fingering with the dominant right hand, plaintiff argues the ALJ erred. The undersigned agrees. Defendant asserts that just because plaintiff can handle and finger only occasionally with his right hand, this does not mean he cannot do so frequently with his left hand. As such, defendant argues, there is no apparent conflict between the DOT and the vocational expert's testimony for the ALJ to resolve.

In support of this argument, defendant notes the DOT does not indicate that either of the above jobs requires frequent handling or fingering *with both hands*. In other words, since the DOT does not state those tasks must be performed with both hands, there is no *direct* conflict with the vocational expert's testimony in that the contradiction is not *explicit*, but rather is at best speculative. The undersigned is unpersuaded.

It is far more reasonable to read the DOT as requiring the ability to handle and finger with both the right and left upper extremities, unless otherwise indicated. If not, an individual could be significantly limited in his or ability to perform those tasks – in this case up to 50% – and still be seen as fully compatible with the requirements of the job. That simply reads too much into the DOT. Indeed, such an interpretation would require the Court itself to speculate as to how much of an individual's ability to perform the tasks specified in the DOT could be eroded before finding that a sufficiently apparent conflict exists.

Defendant goes on to argue that "even individuals with an amputation of one arm can still perform a restricted range of occupations at the light exertional level."[26] But that is the point. An individual in that situation would be *restricted*, substantially so, in the actual number of jobs that he or she could perform. As the Commissioner herself acknowledges, "[l]oss of major use of an

---

[26] Dkt. 14, p. 4 (citing SSR 83-12, 1983 WL 31253, at *4).

REPORT AND RECOMMENDATION - 5

upper extremity is rather definitive in that there is a considerable absence of functional ability."[27] While the loss of functionality from frequent to occasional on the dominant hand may not be as considerable as that caused by amputation, nevertheless it certainly is likely to have at least some significant impact, especially as it involves the *dominant* hand. Accordingly, there is a sufficient basis to find an apparent conflict exists here, and the ALJ erred in not resolving it.

The Court may remand this case "either for additional evidence and findings or to award benefits."[28] Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[29] Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate."[30]

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."[31] Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.[32]

Because issues remain regarding plaintiff's ability to perform the two jobs the vocational expert identified, and therefore whether he can perform other jobs existing in significant numbers in the

---

[27] SSR 83-12, 1983 WL 31253, at *4.

[28] *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

[29] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

[30] *Id.*

[31] *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

[32] *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

REPORT AND RECOMMENDATION - 6

national economy, remand for further consideration of those issues is warranted.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled, and that it reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings herein.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto.[33] Failure to file objections will result in a waiver of those objections for purposes of appeal.[34] Accommodating the above time limit, the Clerk shall set this matter for consideration on **August 19, 2016**, as noted in the caption.

DATED this 4th day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[33] 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6.

[34] *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION - 7